1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOE ALMEIDA,

11            Plaintiff,                          CIV-S-03-1615 GGH

12        vs.

13   MICHAEL J. ASTRUE,
     Commissioner of
14   Social Security,                             ORDER

15            Defendant.

16   _____/

17            Counsel's motion for attorney's fees, filed January 22, 2008, is pending before the

18   court.  Defendant filed on February 21, 2008 a response expressing no opinion, but submitting

19   points for the court's assistance.  Counsel requests attorney's fees in the amount of $4,000.  The

20   case is before the undersigned pursuant to 28 U.S.C. § 636(c) (consent to proceed before a

21   magistrate judge).

22            Attorneys are entitled to fees for cases in which they successfully have represented

23   social security claimants:

24            Whenever a court renders a judgment favorable to a claimant under
              this subchapter who was represented before the court by an
25            attorney, the court may determine and allow as part of its judgment
              a reasonable fee for such representation, not in excess of 25 percent
26            of the total of the past-due benefits to which the claimant is entitled

1

1   by reason of such judgment, and the Commissioner of Social
2   Security may, notwithstanding the provisions of section 405(i) of
    this title, certify the amount of such fee for payment to such
    attorney out of, and not in addition to, the amount of such past-due
3   benefits.

4   42 U.S.C. § 406(b)(1).

5   Rather than being paid by the government, fees under the Social Security Act are

6   awarded out of the claimant's disability benefits.  Russell v. Sullivan, 930 F.2d 1443, 1446 (9th

7   Cir. 1991).  The Commissioner has standing to challenge the fee award.  Craig v. Secretary,

8   Dept. of Health & Human Serv., 864 F.2d 324, 328 (4th Cir. 1989).  The goal is to provide

9   adequate incentive for representing claimants while ensuring that the usually meager disability

10  benefits received are not greatly depleted.  Cotter v. Bowen, 879 F.2d 359, 365 (8th Cir. 1989).

11  The 25 percent statutory maximum fee is not automatic.  The court also must

12  ensure that the fee request is reasonable.  Gisbrecht v. Barnhart, 535 U.S. 789, 807, 122 S. Ct.

13  1817, 1828 (2002) (reversing downward adjustment of attorney's fees based on lodestar

14  calculation).  The Gisbrecht court suggested that the claimant's lawyer should submit a record of

15  hours spent and a statement of the lawyer's normal hourly billing charge to assist the court in

16  concluding that the fee sought is reasonable.  Id.  The character of the representation (including

17  matters such as attorney caused delay), or the nature of the results achieved might, in a proper

18  case, justify downward adjustment from the statutory maximum fee.  Id.

19  Counsel has attached to his motion a letter from the Commissioner advising

20  plaintiff that the Social Security Administration is withholding 25% of plaintiff's past due

21  benefits, or $28,661.75 to pay attorney's fees.  Plaintiff's Exhibit 1.  Counsel requests a fee in the

22  amount of $4,000, as counsel previously received EAJA fees in the amount of $7,500 for work

23  on this case.  Counsel has submitted a copy of a standard social security case 25% contingency

24  fee arrangement,[1] together with a statement documenting 71.5 hours expended on matters before

25

26  [1] The agreement provides that counsel will be paid the lower of 25% of past due benefits or $4,000.  Ex. to Pl.'s Mot.  The amended fee agreement does not modify the agreement in this regard.

2

1   this court, including hours spent on appeal to the Ninth Circuit Court of Appeals which resulted

2   in a reversal and remand for award of benefits.  When considered in conjunction with the EAJA

3   fees already received, the requested fee divided by the total of 71.5 hours expended constitutes an

4   hourly billing rate of approximately $160.83/hour.  The court finds $4,000 to be a reasonable fee

5   in light of the contingency arrangement between plaintiff and his counsel, the hours expended,

6   the quality of counsel's representation, the results achieved, and in light of already awarded

7   EAJA fees.

8           Accordingly, counsel's request for attorney's fees in the amount of $4,000 is

9   GRANTED.  The Commissioner is directed to pay the fee forthwith and remit to plaintiff the

10  remainder of his withheld benefits.

11  DATED: 06/06/08                          /s/ Gregory G. Hollows

12                                           _____
                                             GREGORY G. HOLLOWS
                                             UNITED STATES MAGISTRATE JUDGE
13
    GGH:076
14  Almeida1615.fee.wpd

15

16

17

18

19

20

21

22

23

24

25  _____

26  Pl.'s Ex. 2.